24-6235. Good morning, your honors, and may it please the court. My name is Kiefer Rose and I represent Mr. Duncan. In Chavez Mesa 1, this court held that a completed AO247 is a minimally sufficient explanation for within guideline modifications. The question of first impression here is whether an incomplete AO247 can be sufficient for above-guideline denials. Two reasons why it cannot. Number one, Chavez Mesa 1 set the minimum procedural floor for partial grants as requiring a completed AO247, and at a minimum, this court should hold that modification denials require that same nominal procedural requirement. Number two, denials, especially those resulting in what becomes an above-guideline sentence, are the types of facts and circumstances that warrant more explanation. Well, can I just stop you there? So I think your second argument is that it would be a good idea to have more explanation. Certainly, your honor, especially in a case like this. You know, the Supreme Court case, in Chavez Mesa 2, I'll refer to that one as Chavez Mesa 2 for clarity, they make clear that this is a factual analysis and sometimes facts and circumstance may dictate a completed AO247 is sufficient. Other times, it may require more, and that case seems to really limit itself to within guideline modifications. It doesn't really branch out into denials as much. So my argument here is when we're dealing with a denial, certainly more explanation should be required. What is the source of our authority to impose an obligation of explanation, in your view? Do we have the authority to require additional explanation because we think it's a good idea or it would be good as a matter of policy? Do we have the authority to do that? Well, certainly, your honor. I think when you look at Chavez Mesa 2, the Supreme Court grants a lot of deference to the appellate courts to set the standards that they believe are best. When we look at other circuits, this circuit hasn't addressed denials specifically. When we turn to the other circuits, the 2nd, 4th, 7th, 8th, and 9th Circuit have all addressed this issue and generally, if I can sum up their holdings, generally, they require that a district court not just say that they exercise their discretion but show how they exercise their discretion. I believe that that's good policy and well within the bounds of what this court can do. Thank you. Do we have to ignore the second page of the AO 247 that was filed the next day? Your honor, that's a really great question. Well, thank you. To be honest, one I haven't thought about and I'm not prepared on, but if ... Well, why can't we? I mean, the judge looks like made a mistake and only filed the first page and then the following day files the second page. I mean, I guess I'm wondering what would prevent us from looking at the completed document. Oh, okay. I misunderstood your first question. So, yes, certainly that that is in the record, that page 2 of the AO 247. When we initially filed the notice of appeal, it wasn't even in there. It certainly can be considered, but my argument is not that it can't be considered. It's that even the second page that was filed after is silent on the amended guideline range. It's never calculated. So, we can look at it, but it's still deficient because it doesn't expressly indicate what the amended guideline range is. Correct, your honor. Okay. Did both of the parties in arguing to the court on this tell the court what the amended guideline range was? Yes, your honor. Both the defense counsel and the government in this case, in their brief, did state what they believed the guidelines were to be, but that doesn't excuse the district court's need to calculate that guidelines. When you look at the statute and the United States Sentencing Guidelines 1B1.10, that makes clear, along with the United States v. Dillon, that it's the judge's job to calculate those guidelines, and they've got to be correct, and that's what we don't have here, and that's the issue. Didn't the same district judge sentence Mr. Duncan and then consider this motion for  Both of that was done by the same judge, Judge Russell, is that right? Correct, your honor. Doesn't Chavez-Mesa talk about how if it's the same judge, then oftentimes what they need to say to document their decision on a motion for a reduction may be less because sometimes the judge just doesn't have much more to say. So how do we deal with that language in Chavez-Mesa? Yes, your honor, and that's definitely a factor that this court must consider. And when looking at the original sentencing, it was the same judge, but a couple issues come up when we look at that. Number one, the sentence that the district court gave initially, and in Statements of Reasons, it states that this crime warrants a within-guideline sentence. And this denial, we're now dealing with a 17-month-above-guideline sentence. And when you look at United States v. Christie in the Second Circuit, they deal with very similar facts, and it's a denial of a motion where a judge uses the AO247, and the court in Christie raises some concerns that I think are very relevant and on point here. It states that there's issues with this because the judge did not change the sentence, the changed sentence was now one month above the guidelines, and there was nothing on the record to show the reasoning of why a sentence that was initially worthy within guidelines is now not, or why a within-guideline sentence is now no longer appropriate. And so even looking at the entire record, it doesn't answer those basic questions that are necessary for appellate review in this case. Let's say we agree with you. What are you asking us to do about it? Because in both your opening brief and your reply, you asked for us to remand for reconsideration, but in your reply you also say remand for clarification, and those strike me as two different things. So what relief or remedy are you asking for? Your Honor, that's just my fault on the reply. What we're asking for is remand for the district court to explain its reasons. We're not questioning that the district court has discretion to make this decision. What the issue- I mean, are you asking us to remand for the court to reconsider whether to grant relief, or just to explain why it didn't? To reconsider whether to grant relief, followed with an explanation. Your Honor, when we look at Chavez Mesa 1 and 2, I think they're very helpful in our guide, or in our analysis today. They set a floor and a ceiling of what is procedurally required, making clear there are things that just cannot be assumed, and there are things that cannot be required. Well, if we look at, if we can look at the second page, then it meets the floor, right? Because the judge filled out an AO 247, just like we have accepted, as what you call the floor, right? No, Your Honor. What the floor is, according to Chavez Mesa 1, in this case, when you look at the whole, or in this court's decision, Chavez Mesa 1, the floor requires two things. It requires some kind of statement that the district court considered the 355-3A factors. And it requires citation to the correctly calculated guidelines. These are the minimally sufficient necessary, and that can be accomplished through an AO 247 that's complete, or it can be accomplished through other means, whether it be an order or whatever. But those two things set the floor for meaningful appellate review, and without- Well, in the AO 247, looking at the second page, it says, after considering each of the 353 factors, and particularly the history and characteristics of the defendant, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public, the court concludes that sentence reduction would not adequately reflect the sentencing factors. That sounds to me like a pretty good discussion of the 353 factors. Yes, Your Honor. Two points, if I may, to respond to your question. First, that satisfies one half of the two-part requirement that this Court set in Chavez-Mesa. That is a statement that shows that where the district court states, I consider the 355-3A factors, but it's still silent on the second fact, which is a citation to the correctly admitted guidelines, which is required in United States v. Dillon and by statute, and that's the main issue. Dillon says the court has to consider it. It doesn't say the court has to announce it or expressly state it, does it? No, I don't believe Dillon says that, but that's exactly what Chavez-Mesa deals with, is what has to be on the record, and that's what's at issue here, is it states that it has to be on the record a citation to the correctly calculated guidelines. Could you help us? Just tell me where in Mesa-Chavez 2 you're relying on for that? In Chavez-Mesa 1, Your Honor? Yeah. Where, I guess, in 1. Sure. Tell me where we require such a finding. Yes, Your Honor. On page 659 of that opinion, it transitions into, it starts with this hierarchy language about we can't require the same in initial sentencing, and then it transitions to what is the minimally sufficient requirement in sentence modifications, and it states that read together, Verdon-Garcia and Ruiz-Terrazas does establish the same general statement noting the appropriate guideline range and how it was calculated, and applying 355-3A also suffices in sentence reduction proceedings. You say that governs here in this instance? Your Honor, that's... I mean, isn't that distinguishable, I guess? It is, Your Honor, because Chavez-Mesa 1 is very clear that we're only dealing with partial grant. What's important for both Chavez-Mesa courts is a partial grant. There's a built-in procedural clarity that the judge correctly calculated the guideline range and applied them because he's changing the sentence to something that's within the amended guideline range. Here, that's completely absent. It's remained unchanged and 17 months above. So, that's why my argument is at a minimum. Well, it's 17 months above the amended guideline range, right? Correct, Your Honor. Yes. Transitioning to my second point, Your Honor, the denial should require more explanation. And I've already talked about how some of the other circuits address this, but I want to also point this Court's attention to the language used. At the bottom of page 2, apart from not having the guideline calculation, we have three sentences in page 2, and these sentences, none of them explain any facts particular to Mr. Duncan's case, any acknowledgment of the party's arguments, or any reason, similar to the court in United States v. Christie, why an above-guideline sentence was originally sufficient, or why a within-guideline sentence was originally sufficient, but now it's not. It doesn't even mention Mr. Duncan's name. Well, but, again, this is a situation where you have the same judge on the initial sentencing as deciding the motion for the reduction of sentence. And I think the case law says he doesn't have to repeat what was said at the initial sentencing for why the judge thought the sentence imposed was appropriate. And even though the guideline range has changed, it doesn't mean this is an out-of-guideline sentence. It was set within the guidelines existed at the time, and now the question is whether in the judge's discretion the judge chooses to reduce it, right? I mean, don't we have to look at the reasons stated at the initial sentencing? Your Honor, I would love to answer your question. I would like to reserve what little time I have left for rebuttal. If I may either address that on rebuttal or address that right now and reserve some time, I'd be happy to. Well, I'll give you the option. I would probably answer it. Okay. Your Honor, looking at Chavez Mesa 2, the Supreme Court's decision, the government makes the argument essentially that there's nothing required procedurally on the record because this is a sentence modification. And as open-ended of an opinion as Chavez Mesa 2 was, the Supreme Court clearly rejects this and says that is a step too far. There's got to be enough on the record to ensure meaningful appellate review and ensure that the public maintains trust. And that's in the same opinion where the Court mentions that, yeah, we can look at the whole record, that's important. And that opinion also states that at bottom, the sentencing judge need only set forth enough to satisfy the appellate court that he has considered the party's arguments and has a reasoned basis for making his own legal decision. And we don't have any of that here. Okay. I'll give you a minute on rebuttal. Thank you, Your Honor.  May it please the Court. Tanner Herman on behalf of the United States. I'd like to begin with this notion that Chavez Mesa decided that a completed AO form is the procedural floor in this issue. Certainly, Chavez Mesa discussed the floor of what is required in denying a sentence reduction, but it did not state that a completed AO form is that floor. It stated that a completed AO form suffices to meet that floor. There's a distinction here between necessary and sufficient. I don't believe any court has found that a completed AO form is necessary to uphold the denial of a sentence reduction. Well, if we can look at the second page, we have a completed form, don't we? We have a completed form, except we are missing that one notation as to the amended guideline range. And is it required that the district court expressly indicate the amended guideline range? No, our opinion is that it is not. The requirement is that they consider the amended guideline range in deciding whether and by how much to reduce the sentence. And that's imposed on the district court under United States Sentencing Guideline Provision 1B1.10. Now, as to whether the district court met that requirement in this case comes down to a construction of the record. The appellant would like you to read the record with blinders and look at only the absence of that amended guideline range and conclude the district court did not discharge this duty. On the other hand, the United States would like you to look at both pages of the amended guideline range, which expressly state the district court did consider Section 1B1.10 in conjunction with the fact that probation, the United States, and the defendant all agreed as to what the amended guideline range was in this case. And finally, the fact that the district court chose to deny a sentence reduction rather than dismiss the motion, which implicitly acknowledges that the district court knew there was an amended guideline range here. It seems the district court did not consider the exact amended guideline range relevant, since it noted that the guideline range opened the door for a sentence reduction, but that in its discretion it was going to deny that reduction. Well, wait a minute. How can we conclude the district court did not find the amended guidelines to be, quote, relevant? First of all, doesn't the court have to consider the amended guidelines to be  And secondly, how do you reach that conclusion? I'll amend my answer. I think the exact range of the guideline range, noting the exact range was not necessarily relevant to its ultimate decision. It did consider them as required by 1B1.10 and as noted on both pages of the AO form, but ultimately what that range is, is mostly relevant as it comes to the third step of a sentence reduction, which is deciding how much to reduce the sentence by if you were going to reduce it. It didn't reach that step here because it decided before that that a sentence reduction was not warranted under the 3553A factors. Regarding the 3553A factors, the district court did say that the circumstances leading to the conviction involved serious conduct. What were those circumstances and what was the serious conduct that the district court thought were important to not grant this motion? Well, if you look at the supplemental record, which includes the original sentencing proceedings, the district court took serious umbrage with the fact that during these robberies, Mr. Duncan pointed a firearm at the victims in store and even said he's lucky that nobody was killed in this incident. And so we think that combined with the notation on the AO form, that the original sentencing proceedings, which are before this court, provide this court a sufficient basis on appellate review to decide there was a reasoned decision to deny a sentence reduction here, which is what is required. So your position is the district court does not have to restate what circumstances are, particularly when it's weighing that against now what is, I believe, an upward variance from the guidelines. We can just sort of glean from the entirety of the record and that's sufficient? Yes. And that's what Chavez-Mesa in these cases discuss in terms of procedural floor, is whether reviewing the record and to that point, the entire record, this court can conclude that there was a reasoned basis for the decision here. And we think that it's clear, and particularly with the addition of the original sentencing proceedings to the record, that as to why this judge concluded the original sentence was the correct sentence for this crime. In your response brief, you also called the lack of documentation for the amended guidelines on page two of the form to be a Scribner's error. Yes. But now I'm hearing you say it's not error at all. So is it a Scribner's error? Is it not error? And if it's a Scribner's error, that's really just a typographical error. So why would we call it that? I would draw a distinction. I think our explanation is that it is likely a Scribner's error and we are classifying it in that way to say that it's not an error that invalidates this decision. And part of a basis for that is the fact that there are other indications in the AO form itself that the judge considered 1B1.10, which is what requires him to consider the amended guideline range in reaching his decision. Now, to that point, and I know there's been some discussion here as to whether or not Mr. Duncan is challenging the court's discretion to deny him a sentence reduction. I note in his reply brief he states that he is not. To the effect that the only remedy this court believes is appropriate is for the judge to send this back to simply have the judge fill out that form, that section of the form. We're not opposed to that, but we do not think that Mr. Duncan should get an entire second bite of the apple here because there was one portion of the form that was not filled out. Particularly where there are other portions of the form that expressly state that the amended guideline range was considered. Well, it refers to the rule, right? Yes. If there are no further questions, we'd ask that you affirm. Thank you. And we'll give you your one minute. Thank you, Your Honor. Counsel mentions this necessary versus sufficient notion, and I believe he's correct. I'm not trying to say that a complete AO form is necessary that mentions the guideline range and the 355-3A factors. That's missing here, along with any other mention of the amended guideline range. So if that's what was held sufficient, we have nothing here that even comes close to that sufficiency, and that's the issue. Counsel also addressed this idea of denying versus dismissing a motion shows that he knew that a guideline range was applicable. That's not true. There are plenty of cases where a judge can just deny the motion if he finds a defendant ineligible. When you look at the AO 247 form, its language is very vague and broad, and it just says, after considering the party's motions and USGG 1B1.10, I find that the defendant's request is denied. And lastly, there's no mention anywhere in the record of the amended guideline range, and we don't know if the judge anchored his decision with the 355-3A factors based off this, which is 355-3A-4, and it's crucial. Thank you, Your Honor. Thank you. And we will be adjourned.